FILED
United States Court of Appeals
Tenth Circuit

April 22, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DARRICK JERMAINE LONDON,

    Defendant - Appellant.

No. 20-6148
(D.C. No. 5:00-CR-00004-R-2)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **MORITZ**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

After serving nearly twenty years of a life sentence, Darrick Jermaine London moved under the First Step Act to reduce his sentence to time served. The district court reduced his sentence to 360 months, leaving him several years still to serve. Mr. London argues on appeal that the district court abused its discretion. With jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    * After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

In 2000, Mr. London pleaded guilty to conspiracy to possess with intent to distribute cocaine base and cocaine powder. The district court sentenced him to serve life in prison, in line with the United States Sentencing Guidelines.[1]

Since Mr. London's original sentencing, Congress has changed some federal drug laws. The Fair Sentencing Act of 2010 increased the amount of cocaine base that triggers more severe penalties for some crimes. Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372. These changes may now benefit defendants, such as Mr. London, who committed certain offenses even before the Fair Sentencing Act took effect: the First Step Act of 2018 allows courts to impose a reduced sentence on a covered offense, as if the relevant sections of the Fair Sentencing Act were in effect when the defendant committed the offense. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222.

In 2020, Mr. London moved for a reduced sentence under the First Step Act. The motion highlighted his rehabilitation since sentencing, demonstrated by, among other things, his educational and vocational achievements. He submitted several documents along with the motion, including a statement to the district court, an individualized reentry plan, and letters of support. He asked the district court to reduce his sentence to time served. The government opposed the motion.

---

[1] When the court imposed the first sentence in this case, the Sentencing Guidelines were mandatory, but they "now serve as one factor among several courts must consider in determining an appropriate sentence." *Kimbrough v. United States*, 552 U.S. 85, 90 (2007).

The district court recognized Mr. London's age (at the time, forty-seven years old) and that he "has started taking college classes and has taken several other courses." R. vol. 1 at 214. But the court also recognized "the substantial quantity of crack cocaine [Mr. London] introduced into Oklahoma City," his criminal history, and his 2019 sanction "for destroying property valued at $100 or less, indicating that not all of his issues are completely under control." *Id.* The district court ultimately found that the circumstances warranted reducing Mr. London's sentence from life to 360 months. Mr. London tells us his projected release date under his reduced sentence is in 2026.

## II. Discussion

The First Step Act gives district courts broad discretion to grant or deny a motion to reduce a sentence, so we review the district court's decision for an abuse of discretion. *United States v. Mannie*, 971 F.3d 1145, 1155 (10th Cir. 2020).

Mr. London argues that the district court abused its discretion "by failing to fully engage with all of the evidence" of his rehabilitation. Aplt. Opening Br. at 9. To be sure, the district court did not reference every item that Mr. London submitted in support of his motion. But it did not need to do so. "Even when explaining the imposition of an initial sentence, the sentencing court need only 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Mannie*, 971 F.3d at 1157 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). The

3

district court in this case addressed the parties' arguments and gave a reasoned basis for its decision, properly exercising its discretion.

The record does not support Mr. London's related claim that the district court failed to consider much of the mitigation evidence that he submitted with his motion. In its ruling, the district court said that it had "closely reviewed [the] presentence investigation report and the arguments of the parties." R. vol. 1 at 214. This statement leaves us with no reason to conclude that the district court did not consider the mitigation evidence, even though it did not mention each item in its ruling.

To the extent Mr. London argues that the district court did not adequately consider his history and characteristics, we reject that argument. It is true, of course, that a district court must consider the defendant's history and characteristics when imposing a sentence. 18 U.S.C. § 3553(a)(1). But a district court need not consider the § 3553(a) factors to rule on a motion for a reduced sentence under § 404 of the First Step Act, although it is permitted to do so. *Mannie*, 971 F.3d at 1158 n.18. In any event, the district court's ruling makes clear that it did in fact consider Mr. London's history and characteristics.

Contrary to Mr. London's argument, *Mannie* does not suggest that we should reverse. In *Mannie*, we affirmed the denial of Mr. Mannie's motion under the First Step Act to reduce his 262-month sentence for possessing fifty grams or more of crack cocaine with the intent to distribute it. *Id.* at 1150. Mr. London argues that his case lacks circumstances comparable to those weighing against Mr. Mannie's motion, primarily Mr. Mannie's long and sometimes violent criminal history, *see id.* at 1158

4

& n.17.  But the differences between Mr. London's and Mr. Mannie's personal circumstances carry little weight given the different outcomes on their motions: Mr. London obtained a reduced sentence (though not to the extent he requested), whereas Mr. Mannie was "quite readily" denied any relief, *id.* at 1150 (internal quotation marks omitted).  And although Mr. London's personal circumstances do not perfectly match Mr. Mannie's, in each of their cases the district court balanced the defendant's age, "rehabilitative efforts," criminal history, and "record while incarcerated."  *Id.* at 1158.  By affirming an analysis that mirrors the district court's analysis here, *Mannie* works against Mr. London's argument for reversal.

In the end, the district court did not abuse its discretion when it decided not to reduce Mr. London's sentence to something less than 360 months.  With the many circumstances bearing on the district court's decision, there is "a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices."  *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).  The district court's ruling fits comfortably within the range of rational choices.

### III.  Conclusion

We affirm the district court's judgment.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

5